[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 6, 2006
THOMAS K. KAHN
CLERK

--------------------------------
No. 06-11547
Non-Argument Calendar
--------------------------------

D.C. Docket No. 05-00003-CR-WCO-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO BLANCO-FORTUNA,

Defendant-Appellant.

--------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
--------------------------------------

**(December 6, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Mauricio Blanco-Fortuna ("Blanco") appeals his sentence of 37 months for possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). We find no reversible error; we affirm.

Blanco was arrested after a Georgia Department of Family and Children Services caseworker and a Hall County, Georgia, Sheriff's Office investigator responded to a referral concerning Lilliana Valdez ("Valdez"), a 15-year old woman with whom Blanco was living at the time. When they arrived at Valdez's reported residence and received no response to persistent knocking, the caseworker and investigator entered the home to ensure the safety of two children, whom the investigator had observed through a window. After entering the residence, the investigator observed a sawed-off shotgun hanging by a nail in the bedroom and a rifle propped against the wall directly below the shotgun. Approximately one and half hours later, Blanco and Valdez returned to the residence, and the investigator arrested Blanco and charged him with cruelty to children and statutory rape. Further investigation revealed that the shotgun and rifle had been stolen in 1999 in Minnesota and that Blanco's brother was a suspect in the burglary case. Blanco later admitted that his brother had given him the firearms in 2003.

Blanco, a Mexican citizen who had entered the country illegally, ultimately pled guilty to the single-count indictment for knowing possession of a sawed-off shotgun by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). The Presentence Investigation Report ("PSI") recommended a sentencing range of 37 to 46 months'

imprisonment, based on a total offense level of 19 and a criminal history category of III.[1]  The PSI did note certain evidence that could justify a downward departure per U.S.S.G. § 4A1.3(b), as Blanco's criminal history level might substantially over-represent the seriousness of his criminal history.

At the sentencing hearing, Blanco requested a downward departure to a criminal history category of II, based on over-representation of his criminal history.  Blanco also presented mitigating evidence pursuant to the section 3553(a) factors; this evidence included his arrival in the U.S. at a young age, his work ethic, his use of the shotgun for rodent control rather than criminal activity, his nonviolent history, and his responsibility for Valdez's young children.  Based on these factors, Blanco requested a 24-month sentence with three years of supervised release.

In denying Blanco's request for a downward departure and announcing the 37 month sentence, the district court emphasized the dangerous nature of the shotgun and noted that it was punishing Blanco on the weapons charge alone, not for the circumstances surrounding his arrest.  The court stated that it "ha[d] taken into consideration not only the Guidelines," but also had "taken into consideration

---

[1]Blanco received one criminal history point for a 2003 misdemeanor for inadmissibility at entry. He received two points for the statutory rape of Valdez.  An additional two points were assessed because Blanco committed the statutory rape offense while on probation for the 2003 charge.

3553(a)" and "all of the elements set forth there for sentencing" in arriving at what it considered a "reasonable sentence . . . consistent with other sentencing in this district for similar offenses." The court recognized – even "bought," in part -- Blanco's arguments, but explained that the purported mitigating factors could not overcome the seriousness of the weapons offense.

On appeal, Blanco argues that the sentence is unreasonable because the district court failed to give weight to certain mitigating factors encompassed in section 3553(a). He contends that this error is evidenced by the court's failure to reject specifically Blanco's arguments based on the section 3553(a) factors and by the court's heavy reliance on factors – such as the illegality and inherent dangerousness of the weapon – already captured by the Guidelines.

Pursuant to the Supreme Court's instructions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a defendant's ultimate sentence for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). As we have noted, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id.

Contrary to Blanco's assertions, a review of the record shows that the district court in this case properly considered Blanco's arguments and the section 3553(a) mitigating factors in imposing a sentence at the low end of the applicable Guidelines range. The court was not required to analyze and accept or reject each of Blanco's arguments. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). As in Scott, the court here recognized Blanco's arguments concerning his youth and his lack of citizenship. The court also questioned Blanco about his relationship with Valdez and the care of her children, another factor on which Blanco relied. When coupled with the court's statement that it had considered the section 3553(a) factors, the transcript more than adequately proves proper consideration of section 3553(a). See id. at 1330 (noting that such a "statement alone is sufficient in post-Booker sentences").

The district court's reliance on the illegality and dangerous nature of the weapon – both of which are accounted for in the Guidelines determination – was not erroneous, as the court did take the section 3553(a) factors into account and was ultimately case-specific. See United States v. Hunt, 459 F.3d 1180, 1185-86 (11th Cir. 2006) (upholding sentence as reasonable where the court expressly

5

acknowledged that it had considered the section 3553(a) factors and "ultimately decided to give considerable weight to the Guidelines in this case"). Thus, Blanco has failed to show that the sentence imposed, which fell within the applicable Guidelines range, was unreasonable.

We conclude that the district court complied with <u>Booker</u> and imposed a reasonable sentence after considering the factors listed in U.S.S.G. § 3553(a). Blanco's sentence is therefore

AFFIRMED.